IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

FILED
U.S. DISTRICT COURT
2012 MAY 29 PM 1:22
CLERK
SO. DIST. OF GA.

| | |
|---|---|
| WILLIAM RUSSELL WARE, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO.: CV612-026 |
| STANLEY WILLIAMS, Warden, | : |
| Defendant. | : |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at Smith State Prison in Glennville, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

AO 72A
(Rev. 8/82)

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff contends that he filed an informal grievance contesting his placement in lockdown on March 15, 2012. Plaintiff also contends that he was informed on March 22, 2012, that his informal grievance was rejected because he used too much space to state his complaint. Finally, Plaintiff asserts that he wrote Defendant Williams, the Warden, on March 19, 2012, and had not heard from him by the time he signed his Complaint on March 27, 2012. Plaintiff's Complaint was filed in this Court on April 2, 2012.

Where Congress explicitly mandates, prisoners seeking relief for alleged constitutional violations must first exhaust inmate grievance procedures before filing suit in federal court. See Porter v. Nussle, 534 U.S. 516, 524 (2002). 42 U.S.C. § 1997e(a) states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law . . . until such administrative remedies as are available are exhausted." In Porter, the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. Porter, 534 U.S. at 523.

AO 72A
(Rev. 8/82)

The Supreme Court has noted exhaustion must be "proper." Woodford v. Ngo, 541 U.S. 81, 92 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. In other words, an institution's requirements define what is considered exhaustion. Jones v. Bock, 549 U.S. 199, 218 (2007).

Within the Georgia Department of Corrections, the grievance procedure is a three-step process. Blackerby v. McNeil, No. CV307-071, 2008 WL 5209975, at *4 (S.D. Ga. Oct. 7, 2008). It commences with the filing of an informal grievance which must be filed within ten calendar days from "the date the offender knew, or should have known, of the facts giving rise to the grievance." Id. If an inmate is unsatisfied with the resolution of his informal grievance, a formal grievance form must be submitted within five business days. Id. The Warden has thirty calendar days to respond to the formal grievance. Id. If the inmate is not satisfied with the Warden's response, he has five business days to file an appeal; then, the Office of the Commissioner has ninety calendar days to respond. Id. The grievance procedure is terminated upon the issuance of an appeal response. Id.

It is apparent from the face of his Complaint that Plaintiff did not exhaust his available administrative remedies prior to the filing of his Complaint. Even construing Plaintiff's contact with Defendant Williams as a formal grievance, Plaintiff did not allow sufficient time for Defendant Williams to respond to his grievance before he signed, and then filed, his Complaint. Thus, Plaintiff's Complaint should be dismissed. Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (noting that, while exhaustion need not

3

be specially pled or demonstrated, a complaint may be dismissed if such failure "appears on the face of the complaint.").

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint, filed pursuant to 42 U.S.C. § 1983, be **DISMISSED**, without prejudice, due to his failure to exhaust his available administrative remedies.

**SO REPORED** and **RECOMMENDED**, this 29th day of May, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)